*1188 OPINION.
Smith:
The only issue presented by this proceeding is the right of the decedent to deduct from gross income in his income-tax return for 1921, $37,100 as a debt ascertained to be worthless in 1921. This is the amount of money which the decedent had advanced to his son-in-law, Prince Hohenlohe, of Austria, during the years 1919 and 1920.
The respondent submits, in the first place, that the advances to Prince Hohenlohe were gifts by the decedent and not loans. He submits, in the second place, that if they were loans they were not ascertained to be worthless during the year 1921, and that there is no evidence that the decedent ever charged them off his books of account.
The only evidence that the amounts advanced by the decedent to Prince Hohenlohe were loans consists of the testimony of Prince Hohenlohe himself. He states definitely that he borrowed the money from his father-in-law; that at the time he borrowed the money he expected that conditions in Austria would improve and that his securities constituting his sole property would again become valuable, in which event he would be able to repay the amounts advanced. This evidence is in no way refuted by any testimony presented by the respondent and we think that the evidence warrants a finding that the money was loaned by the decedent to his son-in-law and that it was not a gift to him.
The evidence is further to the effect that the kronen had depreciated to a very great extent in 1920 and that the securities owned by the Prince had little value during that year. The political conditions in Austria were worse in 1921 than in 1920. The decedent visited his son-in-law in Austria twice during his lifetime, the last time in 1925 and the first time in either 1921 or 1922. The Prince was not sure in which year the decedent made this visit. It was contended that at the time of this visit the decedent ascertained the actual conditions and knew for a certainty that the debt was worthless. The letter from the Prince to the decedent dated May 2, 1922, conclusively proves to our mind that the visit was made in 1922. We are of the opinion that the decedent had or should have had as good grounds for believing the debt recoverable in 1921 as in 1919 or 1920 at the time the money was loaned to the Prince. In 1921, the Prince owned the estate of Friedstein, which apparently had a value in excess of its cost to the Prince in the spring of 1920. The Prince believed that he purchased the estate far below its real worth. The evidence shows that in 1925 or 1926, the estate was mortgaged for an amount *1189 of $20,000. Wbat the Prince’s other assets or prospects were worth in 1921 is not shown by the evidence. We are of the opinion that the evidence does not warrant a finding that the decedent determined the debt to be worthless either in whole or in part in 1921.

Judgment will be entered for the respondent.